IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, K91046, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-1397-DWD |
| | ) |
| ANTHONY WILLS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Darrian Daniels, an inmate of the Illinois Department of Corrections (IDOC), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). (Doc. 1). This case concerns alleged retaliation by Defendant Anthony Wills, the Warden of Menard. The matter is currently before the Court on Plaintiff's Second Motion for a Preliminary Injunction (Doc. 18).

## Background

Plaintiff has been allowed to proceed in this case on two claims of alleged retaliation against Defendant Anthony Wills, the Warden of Menard. (Doc. 7). His allegations concern Wills' control of his housing placement, and an allegation that Wills orchestrated the retaliatory confiscation of Plaintiff's hearing aids in March of 2024. Plaintiff also filed a Motion for a Preliminary Injunction (Doc. 2) with his complaint, but the Court deferred a ruling on this and directed Plaintiff to supplement his motion with

proof that he had attempted to resolve his hearing aid problem at the prison before resorting to emergency motion practice in a federal lawsuit.  Plaintiff missed the Court's deadline to provide supplemental information, so his Motion (Doc. 2) was denied.  Shortly after the Motion was denied, Plaintiff sent a batch of documents in July of 2024 (Docs. 14-16), and about two months later he filed a second Motion for a Preliminary Injunction (Doc. 18).  The Defendant has now responded.  (Doc. 23).

In a July 22, 2024, filing, Plaintiff alleges that his hearing difficulty is ongoing, and he attached two medical records which purport to show that on June 24, 2024, he failed a hearing test, and a referral was made for an audiogram examination.  (Doc. 14 at 4-5).  In a "very important notice" received July 25, 2024, Plaintiff makes a series of allegations about filings he attempted to make with the Court in early July of 2024 in this case, and case number 23-cv-2061.  (Doc. 15).  He seems to allege prison employees stole records he had attempted to send to the Court about his first preliminary injunction, but also states he tried to send documents for multiple cases in a single envelope and that perhaps some of the relevant information was written on the back of a sheet of paper.  (Doc. 15).  He asks to re-instate his original motion for a preliminary injunction.  In a second notice received the same day, Plaintiff makes the same allegations about mail he alleges was stolen or lost.  (Doc. 16).

On September 16, 2024, the Court received Plaintiff's Second Motion for a Preliminary Injunction (Doc. 18).  In the Motion, Plaintiff alleges that on June 22, 2024, he failed a hearing test at Menard for the third time.  (Doc. 18 at 2).  He claims that he takes his hearing seriously, so he wrote "several" kites to the ADA coordinator asking to take

a hearing test so he can again secure hearing aids.  He claims that hearing aids are important because he expects to be assigned an attorney soon in a state court postconviction case with whom he will need to communicate via phone.  He also alleges he has been unable to speak to his family since his hearing aids were confiscated in March.  As for his personal safety, he alleges that without hearing aids he cannot hear warning shots that may be fired at the prison, which means he might miss a command and might be a target for force if he does not comply with officers' directives.  He claims that he has a right to hearing aids as a disabled inmate.  (Doc. 18 at 4-5).  As injunctive relief, Plaintiff now asks that the Defendant be directed to give him an audiology test so that he can receive hearing aids.  (Doc. 18 at 6).  In support of the Motion, Plaintiff submitted two "kites" addressed to the ADA coordinator asking about an audiology visit and hearing aids.  The first is dated July 24, 2024, and the second is dated August 21, 2024.  (Doc. 18 at 7-8).

In response to the Motion, Defendant argues that Plaintiff is already scheduled to receive the hearing exam he seeks, that if the Court expedited the exam it would amount to involvement with the day-to-day operations of the prison, and that this would unfairly prioritize Plaintiff's needs over those of other inmates who are also waiting for care and who may have been waiting longer than he has.  They support the motion with a declaration from the ADA Coordinator, Joleen Klump, indicating that Plaintiff has already been scheduled for the exam and that they expect the availability of exams to improve.  (Doc. 23-1 at ¶¶ 7-8).  Klump also attested that although she has received kites from Plaintiff as recently as June of 2024, she did not receive the alleged July or August

2024 kites. (*Id.* at ¶¶ 4-6). Finally, the Defendants also argue that the relief sought in the Motion is reaching beyond the bounds of the operative claims in this case which concern alleged retaliation. They also argue that although Plaintiff claims he faces danger because he cannot hear warning shots at the prison, his allegations do not actually suggest he faces an imminent threat of serious harm.

## Analysis

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and irreparable harm without the injunctive relief. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Any injunctive relief granted must also be related to claims proceeding in the underlying lawsuit, and it must generally concern parties associated with those claims.

Here, the Court finds that injunctive relief is not currently necessary because Plaintiff seeks a hearing test that may lead to the provision of hearing aids, and the Defendants have attested that he is already in the queue to receive the test. The Court agrees with Defendant's contention that prioritizing Plaintiff's hearing test over tests for others already in the queue ahead of him would constitute an overreach into the daily

operations of the prison in this fact-specific scenario, and it may also unfairly expedite Plaintiff's medical situation over equally serious situations for other inmates.

Additionally, to the extent Plaintiff expresses concern about his inability to participate in legal proceedings, the Court notes that in recent months he has participated in multiple hearings for cases in this District, including proceedings before the undersigned. *See e.g., Daniels v. Brown*, Case No. 21-cv-890-DWD (S.D. Ill., Aug. 6, 2024 hearing); *Daniels v. Wills, et al.*, Case No. 23-cv-2061-NJR (S.D. Ill., July 16, 2024 hearing). Related to the other proceedings, the Court also notes that both cases ultimately turned on documents that Plaintiff alleged he had transmitted within the prison, but that either ultimately were false (*Daniels v. Brown*, Case No. 21-cv-890) or that he was never able to produce (*Daniels v. Wills*, Case No. 23-cv-2061).

In this case, the Court informed Plaintiff that before he could seek injunctive relief regarding his hearing aids, he would need to establish that he had attempted to seek help at the prison level. In response to this query, Plaintiff tendered two alleged "kites" that he claims he sent to the ADA coordinator in July and August of 2024. By contrast, the ADA coordinator indicated in her declaration that she never received these kites. (Doc. 23-1 at ¶¶ 4-6). This supports the inference that it is possible Plaintiff is again falsifying documents or the existence of documents for his benefit in this litigation. Because the Court is denying injunctive relief for other reasons, it will not pursue this issue further at this time. Nevertheless, this should serve as a final warning to Plaintiff not to falsify documents for litigation purposes. If it is discovered at any point in this case that he has falsified documents or otherwise provides false information in this case he will be

sanctioned. A sanction could include monetary penalties, dismissal of this case, or filing restrictions in this District.

## Disposition

Plaintiff's Motion for a Preliminary Injunction (Doc. 18) is **DENIED** because he is already scheduled for the relief he seeks—a hearing exam. Plaintiff's Motion for Status (Doc. 22) is **GRANTED** by the issuance of this Order. Plaintiff is warned that if he prepares false documents or provides any untruthful information in this case, he will be sanctioned for that conduct.

**IT IS SO ORDERED.**

Dated: October 23, 2024

_____
DAVID W. DUGAN
United States District Judge