IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIAN DANIELS, K91046, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 24-cv-1397-DWD |
| ANTHONY WILLS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff Darrian Daniels' Motion to Recuse (Doc. 25) wherein he seeks the reassignment of this matter to a different judge. In the Motion, Plaintiff rehashes an adverse credibility finding that the undersigned made against him earlier this year in a different case, and he also challenges a similar finding made by the Chief Judge of this District in yet another case earlier this year. He argues that these findings demonstrate that the undersigned has a set view of him. A view that presented in this case when the undersigned credited an affidavit by a prison employee that she had not received any inmate kites from Plaintiff in recent months about hearing aids in relation to Plaintiff's motions for a preliminary injunction.

Because Plaintiff is proceeding pro se, the Court construes his motion for recusal as being brought pursuant to 28 U.S.C. § 455. *See Cohee v. McDade*, 472 F. Supp. 2d 1082, 1083–84 (S.D. Ill. 2006) (citation omitted) (reasoning that the disqualification of federal judges is governed by 28 U.S.C. § 455 and 28 U.S.C. § 144, with the latter being unavailable

to pro se litigants in light of the statutory requirement of a good faith certificate from "counsel of record"). Pursuant to 28 USCA § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 USCA § 455(a). The statute also provides a number of circumstances in which a judge shall disqualify themself, for example, where he or she is related to a party, has a financial interest in the outcome, has a personal bias or prejudice concerning a party, or has personal knowledge regarding evidentiary facts concerning the proceedings. (*Id*.). Opinions held by judges about things that they learned in earlier litigation with the parties are not evidence of bias. *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 551 (1994) ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings."); *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties."); *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) ("The factual allegations must fairly support the charge of bias or impartiality and must be specific."). Here Plaintiff relies entirely on adverse credibility findings made in earlier litigation to demonstrate bias, but the rulings in this case have been independently founded on evidence and have not been unfairly biased by past occurrences. Plaintiff has not demonstrated the existence of any of the statutory factors for disqualification. Thus, Plaintiff has failed to establish a basis for recusal.

      The Court also admonishes Plaintiff that doubling down against adverse credibility findings in this new case is inappropriate, and attacks on the Court will not be

tolerated in this case. If Plaintiff continues to repeat and rehash things that were found to be false in other cases, this case may be dismissed as a sanction for such frivolous conduct. Plaintiff's Motion to Recuse (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 29, 2024

DAVID W. DUGAN
United States District Judge